# EXHIBIT 1

# **SETTLEMENT AGREEMENT**

I.  INTRODUCTION

This Agreement is made and entered into this April 6, 2009, between AIMCO and the Plaintiffs in *Thomas et al. v. Apartment Investment and Management Company et al.*, No. 1:07-cv-1638-TCB (N.D.Ga.).

II. DEFINITIONS

    A.    "Agreement" means this Settlement Agreement.

    B.    "AIMCO" or "the Company" means Apartment Investment and Management Company, AIMCO Properties, L.P., NHP Management Company, and AIMCO Bethesda Holdings, Inc., as well as their current or former subsidiaries, affiliates, predecessors, successors, assigns, insurers, officers, directors, shareholders, associates, employees, and agents, except as otherwise provided herein.

    C.    "Thomas Litigation" means *Thomas et al. v. Apartment Investment and Management Company et al.*, Case No. 1:07-cv-1638-TCB, United States District Court for the Northern District of Georgia.

    D.    Plaintiff means the named Plaintiff Ricky Thomas in the Thomas Litigation.

    E.    "Unpaid Overtime Claims" refers to claims that AIMCO violated the FLSA by its alleged failure to pay maintenance personnel for hours worked in excess of 40 in a work week.

    F.    "Final Approval" means that the Agreement has been finally approved by the District Court.

    G.    "FLSA" means the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

III.  CASE BACKGROUND

In the Thomas Litigation, the Plaintiff asserts Unpaid Overtime Claims.

   A.  Discovery. The parties have conducted written discovery.

   B.  Trial. A trial has not yet been scheduled.

IV.  NATURE, PURPOSE, AND BENEFITS OF SETTLEMENT

   A.  Rationale for Settlement. Although none of the parties abandon their positions taken in the Thomas Litigation, the parties believe that continued litigation would be protracted, expensive, uncertain, and contrary to their best interests. Thus, the parties believe that this settlement is in the best interests of all of the parties, and the best way to resolve the disputes between them in the Thomas Litigation.

   B.  Settlement of Unpaid Overtime Claims. As detailed in Section VI below, this Agreement provides for settlement and dismissal with prejudice of the Thomas Litigation in consideration for certain monetary benefits to the Plaintiff.

   C.  Deferral of Attorneys' Fees and Costs. As detailed in Section VIII below, this Agreement provides for a deferral of the adjudication of Plaintiff's claim for attorneys' fees and costs statutorily available under the FLSA.

V.  STATEMENT OF NO ADMISSION

   A.  Denial of Liability. AIMCO denies liability to the Plaintiff upon any claim, cause of action, and factual or legal theory. AIMCO vigorously denies the claims asserted by the Plaintiff, and continues to assert that if the Thomas Litigation were to proceed to trial, AIMCO would prevail.

   B.  No Admission. This Agreement is not intended to constitute, and does not in fact constitute, any admission by AIMCO as to the merits, validity, or accuracy of any of the allegations or claims made against it in the Thomas Litigation.

444662.1 1

C. <u>No Use as Evidence of Violation</u>. Nothing in this Agreement nor any action taken in implementation thereof is intended by the parties to, nor will any of the foregoing constitute, be introduced, be used, or be admissible in any way in this case or any other judicial, arbitral, administrative, investigation, or other form of proceeding as evidence of any violation of any federal, state, or local law, statute, ordinance, regulation, rule, or executive order, or any obligation or duty at law or in equity. Notwithstanding the foregoing, the Agreement may be used in any proceeding in the District Court that has as its purpose the interpretation, implementation, or enforcement of the Agreement or any orders or judgments of the District Court entered in connection therewith.

## VI. SETTLEMENT OF UNPAID OVERTIME CLAIMS

A. <u>Settlement Amount</u>. In consideration for dismissal with prejudice of the Thomas Litigation, as well as the other covenants set forth in this Agreement, AIMCO agrees to pay (a) $100.00 and (b) attorneys' fees (if any) and expenses (if any) as determined by the process set forth in Section VIII.

B. <u>Confidential Settlement and Release of Claims</u>. In consideration for his or her individual settlement amount, and for AIMCO's agreement to pay statutorily available attorneys' fees and costs as determined by and if awarded under the method set forth in Section VIII, Plaintiff shall execute a Confidential Settlement and Release of Claims in substantially the identical form as set forth in Exhibit A hereto. Plaintiff shall return to Plaintiff's counsel his or her executed Confidential Settlement and Release of Claims no later than 60 days of the date of Final Approval. If Plaintiff fails to execute a Confidential Settlement and Release of Claim, AIMCO is under no obligation to pay the amount that would have been paid to Plaintiff.

C.  <u>Withholding and Deductions</u>. Any payments made to the Plaintiff shall be subject to all applicable deductions and withholdings, and which shall be reported on a Form W-2 issued to the Plaintiff.

D.  <u>No Contribution to ERISA Plans</u>. The parties agree that any amounts paid under this Agreement do not represent a modification of the Plaintiff's previously credited hours of service under any employee benefit plan sponsored by AIMCO. Such amounts shall not form the basis for additional contributions to, benefits under, or any other monetary entitlement under AIMCO's benefit plans. AIMCO reserves the right to interpret or modify the language of its benefit plans to make clear that any amounts paid pursuant to this Agreement are not for "hours worked" as defined by the applicable plans and that additional contributions or benefits are not required by this Agreement.

E.  <u>Payment to the Plaintiffs</u>. Within 60 days after the deadline for Plaintiff to return the Confidential Settlement and Release set forth in Section VI.B above, AIMCO shall make a payment by check to the Plaintiff provided he provides a fully executed Confidential Settlement and Release of Claims within the time limits set forth in Section VI.B. Such payments to the Plaintiff shall be less applicable deductions and withholdings.

F.  <u>Failure to Return Timely Confidential Settlement and Release of Claim</u>.

In the event that the Plaintiff fails to execute a Confidential Settlement and Release of Claims and return the same within the time limits set forth in Section VI.B. above, he shall have no further right to the monetary relief set forth in this Section, and AIMCO shall have no further obligation to make the payment to Plaintiff and may retain such sum. The failure by the Plaintiff to execute a Confidential Settlement and

Release of Claims within the time limits set forth in Section VI.B. above shall not delay or otherwise affect the dismissal with prejudice of the Thomas Litigation.

G. <u>Dismissal of Thomas Litigation</u>. Upon payment of the sum due to Plaintiff Thomas who has executed a Confidential Settlement and Release of Claims within the time limits set forth in Section VI.B above, all of Plaintiff's claims in the Thomas Litigation shall be dismissed with prejudice.

## VII. ATTORNEYS' FEES AND COSTS

A. <u>Attorneys' Fees and Costs</u>. While Plaintiff Thomas's claims Thomas Litigation shall be dismissed with prejudice under this Agreement, the Plaintiff's claims for attorneys' fees and costs statutorily available under the FLSA to Plaintiff shall survive and resolution of the same shall be deferred. Under this Agreement, Plaintiff's claims for attorneys' fees and costs statutorily available under the FLSA shall be decided along with the claims for attorneys' fees and costs statutorily available under the FLSA in the 24 cases against AIMCO brought by Plaintiffs' counsel that are currently pending in jurisdictions other than the Northern District of Georgia. The procedure for determining Plaintiffs' claims for attorneys' fees and costs is set forth in Exhibit B hereto. For purposes of this Agreement and the attached Exhibits, Plaintiff shall be deemed the "prevailing party," which shall mean only that Plaintiff is not barred by the Supreme Court decision, *Buckhannon Board and Care Home, Inc, et al. v. West Virginia Dep't of Health & Human Resources*, 532 U.S. 598 (2001), from being eligible to recover attorneys' fees and costs statutorily available under the FLSA notwithstanding that no judgment or consent decree has been entered in the litigation. All other arguments and defenses to attorneys' fees and costs are hereby reserved.

## VIII. COURT APPROVAL PROCESS

A. <u>Final Approval</u>. Promptly after execution of this Agreement, the parties shall file a joint Motion for Approval of the settlement, including submittal of this Agreement. The parties shall seek an expeditious hearing on the joint motion for approval, consistent with the Court's docket and the schedules of counsel.

If the Court approves the settlement, or approves the settlement subject to conditions or modifications acceptable to both parties, the Court shall dismiss all claims in the Thomas Litigation with prejudice upon AMICO's payment of the sum due to Plaintiff who has executed a Confidential Settlement and Release of Claims within the time limits set forth in Section VI.B above.

If the Court does not approve the settlement, or approves the settlement but subject to conditions or modifications which are not acceptable to both parties, the parties shall attempt to negotiate in good faith in order to modify the Agreement in a form acceptable to both parties and the Court.

The District Court shall retain jurisdiction of this case for a period of 15 months following the date of Final Approval.

IX. <u>MISCELLANEOUS PROVISIONS</u>

A. <u>Authority</u>. Plaintiff's counsel represent that they are authorized by Plaintiff to negotiate and execute this Agreement on behalf of the Plaintiff. Counsel for AIMCO represent that they are authorized to negotiate and execute this Agreement on behalf of AIMCO.

B. <u>Confidentiality</u>. The parties and their attorneys agree to keep and maintain all information concerning settlement discussions, the terms and conditions of this Agreement, and payments made under this Agreement (collectively referred to "Settlement Information") strictly confidential except to the extent required by law.

This Section shall specifically prohibit either party or their attorneys from publishing or disclosing to the media any Settlement Information. Notwithstanding the foregoing, nothing in this Section shall:

(1) prohibit the parties from disclosing Settlement Information to the courts;

(2) prohibit the Plaintiff from disclosing Settlement Information to their spouses, attorneys, tax advisors, or tax authorities; or

(3) prohibit AIMCO from disclosing Settlement Information to the company's auditors, accountants, and disclosed in public filings as is necessary under law or in the ordinary course of the companies' business.

C. <u>Interpretation of the Agreement</u>. The Agreement shall be interpreted and enforced under the laws of the State of Georgia without regard to its conflict of laws provisions. Any claim arising out of or relating to the Agreement, or the subject matter hereof, shall be resolved solely and exclusively in the United States District Court for the Northern District of Georgia, and the parties hereby consent to the personal jurisdiction of the District Court in connection therewith.

The parties and their counsel to this Agreement participated jointly in the negotiation and preparation of the Agreement. Accordingly, the parties and their counsel agree that no rule of construction shall apply against any party or their counsel or in favor of any party or their counsel, and any uncertainty or ambiguity shall not be interpreted against one party or their counsel or in favor of the other.

The use of the term "Section" herein refers to the specific section number identified or, where appropriate, the subsections thereunder.

D. <u>Final Agreement</u>. This Agreement and the attached Exhibits, along with the Confidential Settlement and Release Agreements submitted by the Plaintiffs, constitute the entire agreement between the parties with respect to the resolution of the Thomas Litigation and supersede all prior representations, understandings, and agreements of the parties with respect thereto. The Plaintiff and AIMCO enter into this Agreement based solely upon its terms and not in reliance upon any representations or promises other than those contained in this Agreement. This Agreement may be modified only by a writing signed by the parties hereto.

D. <u>Counterparts</u>. The Agreement may be executed in one or more actual or telecopied or e-mailed counterparts, all of which will be considered one and the same instrument and all of which will be considered duplicate originals.

Dated: April 6, 2009

By: _____
John M. Husband, P.C.
Thomas E.J. Hazard, P.C.
Christina F. Gomez
Tanya E. Milligan
HOLLAND & HART, LLP
555 Seventeenth Street
Suite 3200
Denver, CO 80202
Telephone: (303) 295-8000
Facsimile: (303) 295-8261

And

Antonio Robinson
LITTLER MENDELSON, P.C.
3348 Peachtree Road, NE
Suite 1100
Atlanta, GA 30326
Telephone: (404) 760-3962
Facsimile: (404) 233-2361

*Attorneys for Defendants*

By: _____
Joseph M. Sellers
Llezlie L. Green
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

And

W. Thomas Lacy, Jr.
LACY & SNYDER, LLP
300 Prime Point
Peachtree City, GA 30269
Telephone: (770) 486-8445
Facsimile: (770) 486-8889

*Attorneys for Plaintiffs*