# EXHIBIT A

# CONFIDENTIAL SETTLEMENT AND RELEASE OF CLAIMS

This Confidential Settlement and Release of Claims ("Release") is between Ricky Thomas and Apartment Investment and Management Company; AIMCO Properties, L.P.; NHP Management Company; and AIMCO Bethesda Holdings, Inc.; their parent companies, affiliates and subsidiaries; management companies; their predecessors and successors; and their respective officers, directors, employees, agents, representatives and insurers (collectively "AIMCO").

## BACKGROUND OF THE LAWSUIT

A.   Currently pending in the United States District Court for Northern District of Georgia is a wage and hour lawsuit captioned <u>Thomas, et al. v. Apartment Investment and Management Company, et al.</u>, Case No. 1:07-cv-01638-TCB (the "Lawsuit"). Thomas, one of the party plaintiffs to the Lawsuit, claims that AIMCO violated the federal Fair Labor Standards Act ("FLSA") by failing to pay her/him for all time worked.

B.   AIMCO denies all allegations made by Thomas in the Lawsuit.

C.   Although neither AIMCO nor Thomas abandons its position taken in the Lawsuits, the parties believe that continued litigation would be protracted, expensive, uncertain and contrary to their best interests. The parties believe that this settlement is in the best interests of all parties, and the best way to resolve the disputes between them in the Lawsuit.

D.   This Release sets forth the terms and conditions of a settlement of the Lawsuit, and any remaining claims Thomas may have against AIMCO.

## TERMS OF SETTLEMENT AND RELEASE

1.   Without admitting liability of any kind, and in full and final settlement of all claims and damages alleged by Thomas or her/his representatives, as well as any claims for additional compensation; benefits; legal or equitable relief; liquidated damages; and interest to which Thomas may be entitled, whether claimed in the Lawsuit or not, AIMCO agrees (a) to pay Thomas the gross sum of One hundred dollars ($100.00), less applicable deductions and withholdings for federal and state taxes; and (b) to pay attorneys' fees (if any) and costs (if any) statutorily available under the FLSA to counsel for Thomas as determined by the method set forth in Section VIII of the parties' April 3, 2009 Settlement Agreement. In return for such payment and agreements by AIMCO, Thomas releases, settles and waives any and all claims other than claims for attorneys' fees and costs statutorily available under the FLSA against AIMCO and agrees to comply with the covenants and promises described below.

2.   Thomas, as a free and voluntary act, agrees to accept the above payments and agreements by AIMCO in full and complete waiver, release and satisfaction of any and all claims against AIMCO of any kind or description, whether known or unknown, that Thomas may have, or have had, arising up to the date s/he signs this Release. Thomas agrees that the legal rights and claims that s/he is giving up include, but are not limited to, any claim, right, demand, charge, complaint, cause of action, obligation or liability which Thomas may have against AIMCO based upon (a) the Fair Labor Standards Act (other than her/his claims for attorneys' fees and costs statutorily available under the FLSA), whether stated in the Lawsuit or not; (b) all state or local wage and hour laws, whether stated in the Lawsuit or not; (c) any claims under

Exhibit A

federal or state discrimination laws, including claims under the federal Age Discrimination in Employment Act of 1967 and Title VII of the Civil Rights Act of 1964, as amended; and (d) all state common law rights and claims, such as wrongful discharge, breach of contract, fraud, omission or misrepresentation. While this Release is intended to be all-encompassing, nothing in this Release shall release any claims under state workers' compensation laws. Thomas agrees that s/he has had a full and fair opportunity to consult with counsel of her/his own choosing concerning this waiver and release, and that s/he agrees to this waiver and release knowingly and voluntarily, without any coercion from anyone.

3. Thomas agrees that the amounts paid under this Release shall not form the basis for additional contributions to, benefits under, or any other monetary entitlements under AIMCO's benefit plans. AIMCO reserves the right to interpret or modify the language of its benefit plans to make clear that any amounts paid under this Release are not for "hours worked" or "compensation paid" and that additional contributions or benefits are not required by this Release.

4. Thomas agrees that after the Court approves this Release and the parties' April 3, 2009 Settlement Agreement and payment is received by Thomas, s/he and her/his attorneys will take all steps necessary to execute and file a Stipulation of Dismissal of the Lawsuit with prejudice, with her/his claims for attorneys' fees (if any) and costs (if any) statutorily available under the FLSA to be determined by the method set forth in Section VIII of the parties' April 3, 2009 Settlement Agreement. Thomas further agrees that after the Court approves this Release and the parties' April 3, 2009 Settlement Agreement, and AIMCO has made payment pursuant to this Release, s/he will not file, cause to be filed, or affirmatively join or opt in, as a class member, beneficiary or other participant in any lawsuit with respect to the subject matter of the Lawsuit or any other claim released under this Release and, if involuntarily joined in any lawsuit against AIMCO with respect to the subject matter of the Lawsuit or any other claim released under this Release (for example, as an opt-out putative class member), Thomas agrees to waive her/his right to any recovery that may result from such lawsuit or proceeding, and not to pursue claims on her/his own behalf. Notwithstanding the foregoing, nothing in this Release prevents or limits Thomas from filing a charge or participating in an investigative proceeding of the Equal Employment Opportunity Commission or other governmental agency.

5. Thomas and her/his attorneys, as well as AIMCO and its attorneys, agree to keep and maintain all information concerning settlement discussions, the terms and conditions of this Release and the parties' April 3, 2009 Settlement Agreement, and payments made under this Release (collectively referred to "Settlement Information") strictly confidential except to the extent required by law. This Section specifically prohibits either party or their attorneys from publishing or disclosing to the media any Settlement Information. Notwithstanding the foregoing, nothing in this Section shall:

(a) prohibit the parties from disclosing Settlement Information to the courts;

(b) prohibit Thomas from disclosing Settlement Information to her/his spouse, attorney, tax advisor, or tax authorities; or

(c) prohibit AIMCO from disclosing Settlement Information to the company's auditors, accountants, and disclosed in public filings as is necessary under law or in the ordinary course of the companies' business.

6.     Thomas shall not apply for employment with AIMCO in the future, and if s/he does apply, AIMCO has the right to reject her/his application without any resulting liability. However, nothing herein shall require Thomas to resign from employment, nor immunize AIMCO from liability for requiring Thomas to resign, if Thomas is currently employed by AIMCO, or if in the future a residential community or apartment complex where s/he is employed is acquired by AIMCO. If Thomas is inadvertently hired by AIMCO, AIMCO shall have the right to terminate Thomas' employment.

7.     Thomas agrees that the payment s/he is accepting by signing this Release has value to her/him; that s/he would not be entitled to the payment without successful resolution of her/his claims in the Lawsuits or by signing this Release; that s/he will receive the payment in exchange for the benefit to AIMCO from her/his signing this Release; and that when AIMCO pays Thomas the payment, AIMCO will withhold all applicable federal, state and local taxes.

8.     By signing below, Thomas authorizes AIMCO to deliver the payment directly to her/his attorney in the form of a check made payable to Thomas.

9.     Thomas represents that s/he has not previously assigned or transferred any of the legal rights and claims that s/he has given up by signing this Release, and s/he agrees that this Release also binds all persons who might assert a legal right or claim on her/his behalf, such as her/his heirs, personal representatives and assigns, now and in the future.

10.    Thomas agrees that:

(a)    this Release, together with the parties' April 3, 2009 Settlement Agreement, constitute the entire agreement between Thomas and AIMCO relating to the subject of this Release, without regard to any other oral or written information that Thomas may have received about this Release;

(b)    the terms of this Release may not be altered, amended, changed or modified except in writing signed by an authorized representative of AIMCO;

(c)    if any part of this Release is declared to be unenforceable, such part shall be severed from the Release but all other provisions of this Release shall remain enforceable; and

(d)    this Release shall be governed by federal law and by the internal laws of the State of Georgia, irrespective of the choice of law rules of any jurisdiction.

11.    Thomas agrees that this Release does not constitute an admission of liability; that it does not constitute any factual or legal precedent or finding whatsoever; and that it may not be used as evidence in the Lawsuits or any other proceeding of any kind, except in an action alleging breach of this Release or to enforce the provisions of this Release.

12.    Thomas acknowledges and agrees that if Thomas is age 40 or older, among the rights which s/he is releasing under this Release is the right to sue for age discrimination under the federal Age Discrimination in Employment Act of 1967. If Thomas is age 40 or older, Thomas should review the following carefully before signing this Release.

(a)   Thomas has up to twenty-one (21) days after s/he has received this Release to consider whether to sign this Release.

(b)   During that time, Thomas should consider whether s/he wishes to sign this Release and, if appropriate, to seek her/his own legal counsel for advice about the Release.

(c)   Thomas is under no obligation to communicate her/his decision whether or not to sign this Release before the 21-day review period has expired. Thomas may, however, sign and return the Release to AIMCO and Plaintiffs' counsel before the expiration of the 21-day review period, which will waive the full 21-day review period. The signed Release should be returned to:

| For AIMCO: | | For Plaintiffs' Counsel: |
|---|---|---|
| John M. Husband, Esq.<br>Holland & Hart, LLP<br>555 17th Street, Suite 3200<br>Denver, CO 80202-8749<br>Fax: (303) 295-8261 | **and** | Joseph M. Sellers, Esq.<br>Cohen Milstein Sellers & Toll PLLC<br>1100 New York Avenue, N.W.<br>Suite 500, West Tower<br>Washington, DC 20005<br>Fax: (202) 408-4699 |

(d)   After Thomas has signed and delivered this Release to AIMCO and Plaintiffs' counsel, Thomas shall have seven (7) calendar days after s/he signs the Release (not counting the day s/he signs the Release) to revoke the Release, but Thomas may do so only by delivering a written statement of revocation to both of the two individuals listed above within the 7-day revocation period. If Thomas mails her/his revocation statement to the individuals listed above, both statements must be postmarked no later than seven (7) calendar days following the date Thomas signed this Release (not counting the day it was signed).

(e)   If AIMCO and Plaintiffs' counsel both do not receive Thomas' written statement of revocation by the end of the 7-day revocation period plus three (3) calendar days for mailing, then this Release will become legally enforceable when this Release is approved by the Court. This Release will not be effective or enforceable until (i) the end of the 7-day revocation period and (ii) this Release is approved by the Court.

(f)   Thomas agrees that if s/he revokes this Release by following the procedure described above and/or the Court refuses to approve this Release, Thomas and AIMCO shall stand in the same position as if this Release had never been prepared or signed, and that AIMCO shall have no obligation to provide Thomas with the payment described in this Release.

### Acknowledgment

Your signature below acknowledges that you have read this document fully, that you understand and agree to its contents, that you understand that it is a legally binding document, and that you have been advised to consult a lawyer of your choosing before you sign this Release and have had the opportunity to do so. By signing below, you further acknowledge your waiver of all rights to claim that any or all of the legal theories or assumptions used for settlement purposes are for any reason inaccurate or inappropriate, or that your consent to this Release was the result of a unilateral mistake in law or fact.

Exhibit A

Signed: _____

Print name: _____

Street Address: _____

City, State and Zip Code: _____

Social Security Number: _____

Date: _____

Exhibit A

AS TO FORM:

Joseph M. Sellers
Christine E. Webber
Llezlie L. Green
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

_____